IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| RAMON A. CABRERAS, | § | |
| :--- | :--- | :--- |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-2910 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

This foreclosure case is before the Court on Defendant Select Portfolio Servicing, Inc.'s ("Defendant") Motion to Dismiss or, in the Alternative, Motion for More Definite Statement ("Motion") [Doc. # 4]. Plaintiff Ramon A. Cabreras ("Plaintiff") did not respond to the Motion or request additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. *See* S.D. TEX. R. 7.3, 7.4. On November 18, 2014, the Court issued an Order [Doc. # 5] extending the deadline for Plaintiff to respond. The Court cautioned Plaintiff that failure to respond to the Motion would result in Defendant's Motion being granted as unopposed. Plaintiff failed to respond by the extended deadline. Having reviewed the parties' briefing, the evidence of record, and the applicable legal authorities, the Court **grants** Defendant's Motion.

## I. BACKGROUND

Plaintiff sued Defendant on or about October 6, 2014 in the 215th Judicial District Court of Harris County, Texas for violations of the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Act ("TDTPA"), "Consumer Financial Protection law," and the Texas Property Code. *See* Plaintiff's Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction [Doc. # 1-4]. Defendant timely removed the case to federal court on October 14, 2014 on the basis of complete diversity of citizenship between the parties. *See* Defendant's Notice of Removal [Doc. # 1]. Defendant filed the instant motion on October 24, 2014 seeking dismissal of all Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## II. LEGAL STANDARD

Because Plaintiff filed suit in state court and has not amended his pleadings in federal court, this Court will apply Texas pleading standards to evaluate the claims asserted in the Petition. *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946-47 (5th Cir. 2014) (federal rules apply to civil actions after removal from state court, but do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal) (citing FED. R. CIV. P. 81(c)(1)); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) (considering sanctions and holding that

"federal rules do not apply to filings in state court, even if the case is later removed to federal court").[1]  Texas uses a "fair notice" standard of pleading, "which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).  A cause of action may be dismissed, upon motion, if "it has no basis in law or fact." TEX. R. CIV. P. 91a.1.

Federal pleading standards are more stringent than Texas standards.  Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  In this case, the difference between state and federal pleading standards

---

[1] *See Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 488 n.3 (N.D. Tex. 2011); *SFTF Holdings, LLC v. Bank of Am.*, No. 3:10-CV-0509, 2011 WL 1103023, at *1 (N.D. Tex. Mar. 22, 2011) (Fish, J.); *but see Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-CV-342, 2012 WL 4633177, at *6 (E.D. Tex. Oct. 2, 2012) (Giblin, M.J.) (holding that federal pleading standards should be applied to cases removed from state court in which pleadings had not been amended); *Itzep v. Academy, Ltd.*, No. A-12-CV-197-LY, 2012 WL 1965669, at *2-*3 (W.D. Tex. May 30, 2012) (Austin, M.J.) (same).

is not dispositive because Plaintiff's pleadings fail to state a legally viable claim under Texas standards, and thus would also fail under the stricter federal standards.

## III. ANALYSIS

Defendant argues that Plaintiff failed to state allegations supporting an essential element of each of his claims. Defendant contends that Plaintiff failed to allege that Defendant was a "debt collector" within the meaning of the TDCA. Motion, ¶¶ 7-8. Defendant contends that Plaintiff failed to allege that he was "consumer" within the meaning of the TDTPA and that Defendant committed a false, misleading, or unconscionable act that caused him to suffer any damages under the TDTPA. *Id.*, ¶¶ 11-13. Defendant contends that Plaintiff failed to allege that any foreclosure occurred, an essential element of a wrongful foreclosure claim under § 51.002(b) of the Texas Property Code, or that there was a grossly inadequate selling price and a causal link between a procedural defect of the foreclosure and the selling price. *Id.*, ¶¶ 16-17. Finally, Defendant argues that Plaintiff's claims for violations of the "Consumer Financial Protection Bureau," TDCA, and Texas Property Code should be dismissed for failure to identify any specific provisions that Defendant allegedly violated. *Id.*, ¶¶ 5, 14, 15. Defendant concludes that Plaintiff cannot seek injunctive relief because he has failed state a plausible claim for which he is entitled to relief. *Id.*, ¶ 18.

Plaintiff did not respond to any of these arguments. The Court concludes the arguments Defendant asserts have merit. Also, as noted above, failure to respond to a motion is taken as a representation of no opposition under Rules 7.3 and 7.4 of the Local Rules of the United States District Court for the Southern District of Texas. The Court concludes that Defendant has shown that Plaintiff's claims should be dismissed because they are without basis in law or fact. *See* TEX. R. CIV. P. 91a.1.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement [Doc. # 4] is **GRANTED**. All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this 26th day of **November, 2014**.

Nancy F. Atlas
United States District Judge